```
                                              U.S. DISTRICT COURT
                                              DISTRICT OF VERMONT
                                                    FILED
           UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF VERMONT      2007 NOV 13 AM 9:59

                                              BY_____
                                                 DEPUTY CLERK
```

UNITED STATES OF AMERICA

    v.                                          Criminal File: 2:07-cr-35

JOHN PERRY RYAN

## MOTION TO SUPPRESS

COMES NOW the Defendant, by and through counsel, and hereby moves this Court pursuant to Fed.R.Crim.P. 12 for an order suppressing any evidence seized under the authority of a search warrant issued by the Court on March 12, 2007 because (a) information in the officer's affidavit supporting the magistrate's finding of probable cause was stale; and (b) the affidavit fails to set forth information sufficient to demonstrate probable cause to believe that a violation of 18 U.S.C. § 2256 had been committed; and (c) the search warrant did not specify the property to be seized at Defendant's Braintree, Vermont home in violation of the Fourth Amendment to the United States Constitution.

### Statement of Facts

1. On March 12, 2007, Jamie West, a special agent with Immigration and Custom Enforcement, submitted a 22 page affidavit in support of a warrant to search the Defendant's home in Braintree, Vermont. **Ex. A.**

2. The affidavit indicated that on June 2, 2006, someone using a particular Hotmail email address and the Google Hello program had corresponded with Laurent Bison of Lausanne, Switzerland. **Ex. A, ¶¶16-18.**

3. The affidavit alleges that two images that "appear to depict prepubescent female minors engaged in sexually explicit conduct" were exchanged in violation of 18 U.S.C. §2256. **Ex. A, ¶27.**

4. The affidavit does not further describe the two images that were exchanged on June 2, 2006.

5. The affidavit included three attachments. Attachment A describes Defendant's Braintree home; Attachment B describes stored communications related to a Hotmail account; and Attachment C describes "Items to be seized from search of subject property identified in attachment A." **Ex. A.**

6. At 3:40 p.m., on March 12, 2007, the Court issued a warrant authorizing the search of Defendant's Braintree home. **Ex. B.**

7. The warrant described the property to be seized as follows:

> 948 Duclos Road Braintree, Vermont. **Ex. B.**

8. At 4:08 p.m., on March 12, 2007, an Order granting the Government's Motion to Seal Agent West's Search Warrant Application and Affidavit was filed in the Clerk's Office. **Ex. C.**

**9.** The Order authorized the Clerk's Office to provide certified copies of the search warrant application and affidavit to the United States Attorney's office "as may be necessary to assist law enforcement officers in making these arrests." **Id.**

10. On March 14, 2007, law enforcement agents searched Defendant's Braintree, Vermont home and seized three computers, a wireless media card, and miscellaneous documents and photographs. **Ex. D; Ex. H, ¶7.**

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

11. When the search was concluded, Agent West provided Defendant a copy of the search warrant and a copy of the inventory of the property seized. **Exs. B and D.** The agent did not provide Defendant a copy of either his search warrant application or Attachment C at that time.

12. Two days later, Agent West submitted a second search warrant application and attached the same 22 page affidavit he had used to apply for the first warrant on March 12, 2007. **Ex. E.**

13. The second search warrant application asked the Court for authority to search Defendant's Braintree, Vermont home and a Hotmail email account. **Ex. E.**

14. The second search warrant application did not include information indicating that Defendant's Braintree home had already been searched and that three computers and other property had been seized. **Ex. E.**

15. At 9:33 a.m., on March 16, 2007, the Court issued the second search warrant, authorizing law enforcement to seize the following property:

> 948 Duclos Road Braintree, Vermont, and the electronic mail account b8tor@hotmail.com which is maintained by Hotmail, including any and all subscriber information, IP history, email content, address lists and buddy lists for that account, in addition to any item or items listed in Attachment B. **Ex. F.**

16. At 9:39 a.m., on March 16, 2007, an Order granting the Government's Motion to Seal Agent West's Search Warrant Application and Affidavit was filed in the Clerk's Office. **Ex. G.**

17. According to Agent West's Criminal Complaint, on March 16, 2007, "a computer forensic analyst conducted a preview of one of the computers seized from the

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

residence" and that the computer contained images of prepubescent minors engaged in sexually explicit conduct in violation of federal law. **Ex. H, ¶8.**

18. On April 5, 2007 the Grand Jury indicted Defendant, alleging that he had illegally shipped and possessed child pornography in violation of federal law.

19. On April 12, 2007, Agent West filed the March 16, 2007 search warrant and an inventory of the property seized on March 14, 2007 when the first search warrant was executed. **Ex. I.**

20. To date, Agent West has not filed with the Court a copy of the first search warrant issued on March 12, 2007 and executed on March 14, 2007. See Fed.R.Crim.P. 41 (f)(4) ("The officer executing the warrant must promptly return it – together with a copy of the inventory – to the magistrate judge on the warrant").

21. In response to its discovery obligations, the United States Attorney's Office provided a copy of the documents filed by Agent West on April 12, 2007. **Exs. I.** It did not provide defense counsel with a copy of the first warrant issued by the Court on March 12, 2007. **Ex. J.**

## MEMORANDUM OF LAW

**I. Because the March 12, 2007 warrant did not describe the property to be seized, the warrant is invalid and any property seized under its authority must be suppressed.**

In <u>Groh v. Ramirez</u>, 540 U.S. 551, (2004), the United States Supreme Court held that a search warrant that fails to describe the property to be seized is invalid on its face, notwithstanding the fact that a particularized description was provided in the search warrant application.

In Groh, an ATF agent applied for a warrant to search the Ramirez's Montana ranch for automatic weapons, grenades, grenade launchers, and rocket launchers. **Ex. K.** The court ordered the agent's search warrant application and the supporting affidavit placed under seal. **Ex. L, ¶4.**[1] The search warrant issued by the court, however, did not describe the property to be seized. **Ex. M.**

In an affidavit the agent later explained that he had "typed the information on the face of the Search Warrant and inadvertently included a portion of the description of the residence located on the ranch in the space in which the list of concealed items was to be typed. I inadvertently failed to include the concealed property, set forth in the Application and Affidavit for Search Warrant, on the face of the Search Warrant. Neither Magistrate Judge Holter or I recognized this inadvertent error on the face of the Search Warrant." **Ex. L, ¶5.**

After the search warrant was executed, the agent "left a copy of the Search Warrant with Judy Ramirez . . . No items were seized." **Ex. L, ¶8.** The following day, after the agent realized that the description of property was missing from the face of the warrant, he provided a copy of the first page of his warrant application "which listed the concealed items subject to the search to[the Ramirez's attorney]." **Ex. L, ¶9.**

In its decision, the Supreme Court found that "[a]lthough the application particularly described the place to be searched and the contraband [the agent] expected to find, the warrant itself was less specific; it failed to identify any of the items [the agent] intended to seize." 540 U.S. at 554.

---

[1] The court later lifted the order to seal. **Ex. L, ¶4.**

The Court continued:

"This warrant did not simply omit a few items from a list of many to be seized, or misdescribe a few of several items. Nor did it make what fairly could be characterized as a mere technical or typographical error. Rather, in the space set aside for a description of the items to be seized, the warrant stated that the items consisted of a 'single dwelling residence ... blue in color.' In other words, the warrant did not describe the items to be seized at *all*. In this respect, the warrant was so obviously deficient that we must regard the search as 'warrantless' within the meaning of our case." 540 U.S. at 558.

In this case, Agent West applied for a search warrant to seize specific property, including computers that are listed in Attachment C of the warrant application. But like the agent in Groh, Agent West did not include a description of the property to be seized when he filled out the standard warrant form: "Rather, in the space set aside for a description of the items to be seized, the warrant stated that the items consisted of [948 Duclos Road Braintree, Vermont]. In other words, the warrant did not describe the items to be seized at *all*." 540 U.S. at 558.

Like the Groh search warrant, "[t]he warrant [to search Defendant's Braintree, Vermont home] did not incorporate by reference the items listed in the application. It did, however, recite that the Magistrate was satisfied that probable cause to believe that contraband was concealed on the premises, and that sufficient grounds existed for the warrant's issuance." Id. at 554-555.

Finally, as in Groh, Agent West did not provide Defendant with a copy of either his search warrant application or Attachment C following the search of Defendant's home, presumably because this Court had ordered those documents sealed shortly after issuing the warrant on March 12, 2007. **Ex. C.**

Since the March 12, 2007 search warrant for Defendant's Braintree, Vermont home is invalid on its face, any property seized under its authority must be suppressed. Groh v. Ramirez, 540 U.S. 551, 557-558 (2004). In addition, any evidence discovered as a result of the unlawful search must also be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

**II. Because information supporting the Court's probable cause finding was stale, the warrant must be voided and any evidence seized under its authority suppressed.**

In United States v. Wagner, 989 F. 2d 69, 75 (2d Cir. 1993), the Court observed that "while there is no bright line rule for staleness, the facts in an affidavit supporting a search warrant must be sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search and not simply as of some time in the past."

Here, the March 12, 2007, search warrant application references an alleged exchange of images that "appear to depict prepubescent female minors engaged in sexually explicit conduct" on June 2, 2006. Since nine months had passed between the date of the alleged exchange of images and the search warrant application, and since Agent West's affidavit did not allege any other illegal behavior between June 2006 and March 2007, the information that provided a basis for the Court's probable cause finding was stale.

For that reason, the warrant must be voided and any evidence discovered under its authority must be suppressed. Sgro v. United States, 287 U.S. 206, 210 (1932).

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

**III. Since the search warrant application does not present information sufficient information to support a probable cause finding, the warrant must be voided and any evidence seized under its authority suppressed.**

The search warrant application alleges that on June 2, 2006 "baitor" had received two thumbnail images and sent two thumbnail images during an online chat session. Agent West's affidavit indicates that "[b]ased on [his] training, experience and discussions with other agents that work child exploitation investigations, at least two of the images appear to depict prepubescent female minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256."

In <u>Ashcroft v. The Free Speech Coalition</u>, 535 U.S. 234, 258 (2002), the United States Supreme Court struck down as unconstitutional the federal law that prohibited any visual depiction, including "virtual child pornography" that "is, or appears to be, of a minor engaging in sexually explicit conduct." Following this ruling, Congress adopted a new definition of child pornography, criminalizing the possession of images of children engaged in sexually explicit conduct, including computer images that are "virtually indistinguishable" from that of a minor engaging in sexually explicit conduct. 18 U.S.C. §2256(8).

Since Agent West's affidavit may have described constitutionally-protected free speech when he referred to images that "appear to be" minors engaged in sexually explicit conduct, the affidavit fails to set forth sufficient evidence to support a probable cause finding. For that reason, the search warrant must be voided, and any property seized under its authority must be suppressed.

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

## CONCLUSION

For the reasons advanced above, any evidence seized under the authority of the search warrants issued by the Court on March 12, 2007 and March 16, 2007 must be suppressed. In addition, any evidence discovered as a result of the unlawful search of Defendant's Braintree, Vermont home must also be suppressed.

DATED at St. Johnsbury, Vermont on November 8, 2007.

By: /s/ David J. Williams
Sleigh & Williams
364 Railroad Street, Ste. E
St. Johnsbury, VT 05819
802-748-5176
linda@sleighandwilliams.com

SLEIGH & WILLIAMS
ATTORNEYS AT LAW
364 RAILROAD STREET, STE E
ST. JOHNSBURY, VT 05819
(802) 748-5176

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.                                    **Criminal File :2:07-cr-35**

JOHN PERRY RYAN

### CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2007, I, David J. Williams, of Sleigh & Williams, served a <u>MOTION TO SUPPRESS</u> , mailed by United States Postal Service, the document(s) to the following participant:

United States Attorney's Office
Wendy Fuller
PO Box 570
Burlington, VT  05402-0570

By: /s/<u>David J. Williams</u>
Sleigh & Williams
364 railroad Street, Ste. E
St. Johnsbury, VT 05819
802-748-5176
linda@sleighandwilliams.com